## COMMONWEALTH *versus* MOSES B. STEPHENS.

Where, upon an indictment in the Court of Common Pleas, the defendant was found
guilty, and the cause was brought before this Court upon exceptions taken by the
defendant in pursuance of *St.* 1832, *c.* 130, § 5, it was *held*, that no other questions
could be considered in this Court than those reserved by the bill of exceptions.

Upon an indictment under *St.* 1820, *c.* 45, [Revised Stat. *c.* 35, § 8,] for peddling jew-
elry, it was *held*, that plain gold ear-rings and knobs were comprehended in the sig-
nification of the term "jewelry," as it is used in the statute.

THIS was an indictment against the defendant, for selling
jewelry as a pedler, contrary to *St.* 1820, *c.* 45.

At the trial in the Court of Common Pleas, before *Cum-
mins* J., it was proved on the part of the commonwealth, that
the defendant went on foot, from place to place in the town
of Douglas, offering for sale divers goods ; that he had plain
gold rings, or those which he called such; and that, among
other things, he offered for sale and did sell a pair of gold
knobs for ear-rings.   The jury were instructed, that plain gold
rings and ear-knobs were comprehended in the word "jewel-
ry," as used in the statute.   The jury returned a verdict of
guilty.   The defendant excepted to this instruction of the
judge.

*Isaac Davis*, for the defendant, objected to the conviction, on the ground, that *peddling* signifies the act of selling or offering for sale in more than one instance, and that it did not sufficiently appear, that this was proved. *Rex* v. *Little*, 1 Burr. 609. To the point, that plain gold ear-rings were not comprehended in the signification of the word "jewelry," he cited Webster's Dict. *Jewelry*; Johns. Dict. *Jewel*; 1 Rob. on Wills, (2d edit.) 422; Ezekiel, *c.* 16, *v.* 12; Hosea, *c.* 2, *v.* 13.

*Austin*, Attorney-General, for the commonwealth, cited Exodus, *c.* 11, *v.* 2, and *c.* 12, *v.* 35.

SHAW C. J. delivered the opinion of the Court. This case comes before the Court, upon exceptions taken to the directions of the Court of Common Pleas, in matters of law, pursuant to the provisions of the *St.* 1832, *c.* 130, § 5, being the new statute by which great changes were made in the laws of this commonwealth in relation to criminal jurisdiction.

An objection was taken to the conviction on the part of the defendant, upon the authority of *Rex* v. *Little*, 1 Burr. 609, that peddling must include the act of selling or offering for sale, in more than one instance, and that it did not sufficiently appear, that this was proved. But it was answered and contended by the attorney-general, that as no exception to this effect was taken at the time of the trial, this point was not open.

And the Court are all of opinion, that this point is not open, and is not before this Court, upon these exceptions.

The case in Burrow was a summary conviction before a magistrate, where nothing was to be presumed, and nothing considered as true, except what was recited in the conviction.

But the case here, was upon indictment, and a trial by jury, before a court of competent jurisdiction, and a general verdict of guilty. We are therefore to presume that all the facts were proved, necessary to sustain that verdict, and nothing comes before this Court, but questions of law. Where such questions depend upon an opinion or direction of a judge of the Common Pleas, not appearing on the record, the party aggrieved thereby is authorized by the statute to allege exceptions thereto, which being reduced to writing in a summary

Common-
wealth
*v.*
Stephens.

*Oct. 1st.*

*April term*
1834.

mode, and presented to the court during the same term and found conformable to the truth of the case, shall be allowed, &c.

It seems to us very manifest, as well by analogy to other cases, as by reference to other parts of the statute, that such bill of exceptions is not to be deemed a general report of the case, and is not considered to embrace any more of the facts proved, than are necessary to raise the points of law relied upon. To any other part of the case, the attention of the judge who allows the exceptions, is not called. By another part of the same section of the statute it is provided, that where a person is on trial, without the aid of counsel, and any question of law shall arise, which, in the opinion of the presiding judge, is a question of magnitude or difficulty, it shall be his duty, if the defendant consent thereto, to report the facts in said case, *so far as to present the question of law* arising therein. This clause shows that it was the intention of the legislature, not that a general report should be made of the facts in the case, but such only of the facts as shall be suffi-. cient to present the question reserved. In like manner we think, upon the other clause in the section, it was intended, that the bill of exceptions stated by the party and allowed by the judge, should contain only such an abstract of the facts or evidence, as to present distinctly and intelligibly, the question raised by the exception. It follows, of course, that no other question can be considered in this Court, upon the exceptions, than those particularly raised below, because the case is not framed with reference. to such other questions. This rule however has no application, where the question of law arises on the record. To apply the rule to the present case. The only direction of the court, to which exception was taken, was that which went to give a construction to the meaning of the word " *jewelry* " in the statute. As to what constitutes peddling or trading, or selling or offering to sell, within the true meaning of the statute, it does not appear by this bill of exceptions, what directions were given by the court, nor what evidence was offered to the jury ; and we have therefore no means of judging of the sufficiency of the one, or of the correctness of the other.

Upon the main question, the statute prohibits hawkers &c.

from selling or exposing for sale, any goods, &c., with a proviso, that this prohibition shall not extend to goods, the produce or manufacture of the United States, except indigo, feathers, books, tracts, prints, maps, playing cards, lottery tickets, jewelry and essences. The question is, whether plain gold earrings and knobs, without any precious stone, pearl or other gem set in them, constitute jewelry. It is a general rule of construction, applicable to statutes, that words are to be considered as used in their general and popular sense, unless they have acquired a technical meaning, or unless it appears from the whole taken together, that a different meaning was intended. There is nothing in this statute to indicate that any other than the general and popular sense was intended in the use of this word.

*Jewelry* is not found in any English dictionary, and is probably an *Americanism*. It is defined in Webster to be jewels in general. He defines "jewel" to be "an ornament worn by ladies," "a pendant in the ear." It is manifest however, that these are put by way of instances, and not intended as strict definitions.

The term "bijou," which seems to be nearly analogous to it in the French language, is defined to be "a little work of ornament, valuable (precieux) for its workmanship or by its material. *Cette femme a de beaux bijoux.*" Dict. de l'Acad.

The counsel on both sides cited passages of scripture, to show on the one side, that the translators of the common version included ornaments of gold under the name of jewels, and on the other, to show, that by a distinct enumeration, they excluded them. These instances do little more than show, that though the argument founded on them, is at first view plausible, it would be entirely unsafe to rely upon it as a ground of legal construction. Nor can much more reliance be placed upon lexicographers ; they are necessarily confined in a considerable degree to generalities, and cannot ordinarily go into minute and very accurate distinctions. On the best consideration we have been able to give the subject, we are satisfied that the legislature, in the use of the word "jewelry," intended to employ it as a generic term, of the largest import, including all articles under the genus. Without attempting to define the term used in the statute, we

are all of opinion, that ear-rings and ear-knobs, are included under the term "jewelry," as·it was used in the statute ; that the direction of the judge of the Court of Common Pleas was correct ; and that the judgment of that court must be affirmed.